IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERENCE KEITH JOHNSON, | ) | CIVIL NO. 18-00015 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | THE DISTRICT COURT GRANT |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING FEES |
| UNITED STATES GOVERNMENT, | ) | AND DISMISS THE COMPLAINT WITH |
| DEPARTMENT OF DEFENSE, | ) | LEAVE TO AMEND |
| DEFENSE LOGISTICS AGENCY, | ) | |
| DLA-HUMAN RESOURCES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING
FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND[1]

Before the Court is Plaintiff Terence Keith Johnson's

Application to Proceed in District Court Without Prepaying Fees

or Costs ("Application"), filed on January 10, 2018.  ECF No. 2.

Plaintiff filed his Complaint on the same day.  See ECF No. 1.

After careful consideration of Plaintiff's Application and the

Complaint, the Court FINDS AND RECOMMENDS that the district court

GRANT Plaintiff's Application and DISMISS the Complaint with

leave to amend.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

DISCUSSION

**I.   The Court RECOMMENDS that the District Court GRANT Plaintiff's Application.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he used to receive Social Security benefits, but that those benefits have been cancelled until May 2019.  ECF No. 2 at 1.  Further, Plaintiff states that he has approximately $300 in savings and over $2,000 in monthly expenses.  Id. at 2.  Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application.  See 28 U.S.C. § 1915.

**II.   The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Leave to Amend.**

2

Courts may authorize the commencement of any suit
without prepayment of fees by a person who submits an affidavit
that the person is unable to pay such fees.  28 U.S.C.
§ 1915(a)(1).  The Court must subject each civil action commenced
pursuant to Section 1915(a) to mandatory screening and order the
dismissal of any claim that it finds "frivolous, malicious,
failing to state a claim upon which relief may be granted, or
seeking monetary relief from a defendant immune from such
relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d
1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not
only permits but requires" the court to dismiss a § 1915(a)
complaint that fails to state a claim); Calhoun v. Stahl, 254
F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28
U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

The court may dismiss a complaint for failure to comply
with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns
v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir.
2008).  Rule 8 requires that a complaint include "a short plain
statement of the claim" and that each allegation "be simple,
concise, and direct."  Fed. R. Civ. P.  8(a)(2), (d)(1).  A
complaint that is so confusing that its "'true substance, if any,
is well disguised'" may be dismissed *sua sponte* for failure to
satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v.
City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  A

3

plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed.  See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).  The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief.

First, Plaintiff appears to assert a claim for employment discrimination.  However, it is unclear what the legal basis for Plaintiff's claim is because he states that he brings his claim pursuant to "zero tolerance, fraud, waste, abuse federal government," in addition to a state law "right to work," and based on violations of United States Code Titles 5, 11, 18, 20, 21, 24, 42, 19, and "The Act, The Individual."  ECF No. 1 at 4.  Further, Plaintiff asserts "due process, due diligence, ex

4

post facto Affordable Healthcare Act." Id. at 5. These

statements are insufficient for the Court to determine the

possible legal basis for Plaintiff's claim. As noted above,

Federal Rule of Civil Procedure 8 requires that a complaint

include "a short plain statement of the claim" and that each

allegation "be simple, concise, and direct." Fed. R. Civ. P.

8(a)(2), (d)(1).

Second, Plaintiff asserts that the alleged

discriminatory acts occurred on May 13, 1987. ECF No. 1 at 5-6.

To the extent Plaintiff is asserting a claim of employment

discrimination based on acts that occurred in 1987, such claim

appears to be time-barred. Different statutes of limitations

apply to claims of employment discrimination depending on the

type of claim. However, regardless of the statutory basis for

the claim, any claims that are based on acts that occurred more

than thirty years ago would be time-barred. See, e.g., 42 U.S.C.

§ 2000e–5(e)(1) (providing that employment discrimination claims

under Title VII must first be filed with the U.S. Equal

Employment Opportunity Commission within 180 or 300 days "after

the alleged unlawful employment practice occurred"); Linville v.

Hawaii, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (applying the two-

year statute of limitations under Hawaii Revised Statutes Section

657-7 to state law employment discrimination claims). Finally,

to the extent the events at issue occurred in Virginia, it does

5

not appear that this court is the proper venue to hear this matter.  See 28 U.S.C. § 1391(b).

Third, it also appears that Plaintiff is challenging certain actions related to his Social Security benefits.  See ECF No. 1 at 6-7.  The Social Security Act waives sovereign immunity only for limited judicial review of the Social Security Administration Commissioner's "final decisions" made after a hearing.  See 42 U.S.C. §§ 405(g), (h).  Specifically, under Section 405(g), an individual may obtain judicial review of a "final decision" by filing a civil action "within sixty days after the mailing to him of notice of such decision."  See 42 U.S.C. § 405(g).  Section 405(h) bars all other claims brought under the Social Security Act, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act.  See id.; Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (noting that § 405(h) bars federal question jurisdiction "where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"); Kaiser, 347 F.3d at 1111-12 (finding

6

Section 405(h) bars claim for damages based on denial of benefits).  Although it is not entirely clear from the Complaint, to the extent Plaintiff is attempting to appeal any final decision, he must demonstrate that he has complied with the requirements of Section 405(g), including the time limit for filing an action "within sixty days after the mailing to him of notice of such decision" after a hearing.  See 42 U.S.C. § 405(g).

Finally, Plaintiff included three attachments with his Complaint.  The first attachment is entitled "Longitudinal Harassment and Targeted Citizenry" and details various events related to Plaintiff's education and medical care that allegedly occurred between 1984 and 2017.  See ECF No. 1-1.  The second attachment is a letter entitled "Appeal to the IRS."  See ECF No. 1-2.  The third attachment also appears to be documents related to an appeal to the IRS.  See ECF No. 1-3.  To the extent Plaintiff is attempting to assert any claims based on these documents, the filing of these documents alone is insufficient to state a claim against any agency or individual.  As detailed above, Plaintiff must set forth simple, concise, and direct allegations that plausibly state a claim for relief against the named defendants.  The attachments to Plaintiff's Complaint fail to meet this standard.

Although the Complaint is deficient, the Court

7

recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect . . . , a pro se litigant is

entitled to notice of the complaint's deficiencies and an

opportunity to amend."  Lucas v. Dep't of Corr., 66 F.3d 245, 248

(9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126

(9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS

that the Complaint be DISMISSED without prejudice and Plaintiff

be given leave to file an amended complaint, no later than thirty

days from the district court's adoption of this Findings and

Recommendation.  If Plaintiff chooses to file an amended

complaint, the document must be clearly designated as the "First

Amended Complaint," must be retyped or rewritten, and may not

incorporate any part of the original Complaint by reference.  See

Local Rule 10.3.

CONCLUSION

1) GRANT Plaintiff's Application to Proceed Without

Prepayment of Fees;

2) DISMISS Plaintiff's Complaint without prejudice;

3) GRANT Plaintiff leave to file an amended complaint

no later than thirty days from the district court's adoption of

this Findings and Recommendation;

4) REFER the screening of any amended complaint to the

undersigned;

5) CAUTION Plaintiff that failure to file an amended

8

complaint within the time frame specified above will result in

the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 16, 2018.



Richard L. Puglisi
United States Magistrate Judge

**JOHNSON V. UNITED STATES GOVERNMENT, ET AL.; CIVIL NO. 18-00015 ACK-RLP; FINDINGS AND RECOMMENDATION  THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**

9