IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERENCE KEITH JOHNSON, | ) CIVIL NO. 18-00015 ACK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT DISMISS THE |
| vs. | ) SECOND AMENDED COMPLAINT WITH |
| | ) PREJUDICE |
| UNITED STATES GOVERNMENT, | ) |
| DEPARTMENT OF DEFENSE, | ) |
| DEFENSE LOGISTICS AGENCY, | ) |
| DLA-HUMAN RESOURCES, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE SECOND AMENDED COMPLAINT WITH PREJUDICE[1]

Before the Court is Plaintiff Terence Keith Johnson's Second Amended Complaint, filed on February 27, 2018. ECF No. 8. After careful consideration of Plaintiff's Second Amended Complaint, the Court FINDS AND RECOMMENDS that the district court DISMISS the Second Amended Complaint with prejudice.

DISCUSSION

On January 16, 2018, this Court issued its Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepayment of Fees and Dismiss the Complaint with Leave to Amend. ECF No. 4. The district court adopted that Findings

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

and Recommendation on February 5, 2018.  ECF No. 5.  Plaintiff filed his First Amended Complaint on February 12, 2018.  ECF No. 6.  On February 13, 2018, this Court issued its Findings and Recommendation to Dismiss the First Amended Complaint with Leave to Amend.  ECF No. 7.  In that Findings and Recommendation, the Court recommended that the district court refer the screening of any second amended complaint.  The district court adopted that Findings and Recommendation on March 5, 2018.  ECF No. 10.

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns

v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P.  8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed.  See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).  The Court has reviewed Plaintiff's Second Amended Complaint and concludes that, even liberally construed, the Second Amended Complaint fails to state any discernable basis for judicial

relief and fails to comply with the requirements of Rule 8.

First, Plaintiff again appears to assert a claim related to his employment with the Department of Defense. However, Plaintiff does not state the legal basis for his claim. The allegations in Plaintiff's Second Amended Complaint are insufficient for the Court to determine the possible legal basis for Plaintiff's claim. As noted above, Federal Rule of Civil Procedure 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Further, as noted in the Court's prior Findings and Recommendations, to the extent Plaintiff's employment claim is based on acts that occurred in 1987, as stated in his initial Complaint, such claim would be time-barred.

Second, it also appears that Plaintiff is challenging certain actions related to his Social Security benefits. As the Court previously noted, the Social Security Act waives sovereign immunity only for limited judicial review of the Social Security Administration Commissioner's "final decisions" made after a hearing. See 42 U.S.C. §§ 405(g), (h). Specifically, under Section 405(g), an individual may obtain judicial review of a "final decision" by filing a civil action "within sixty days after the mailing to him of notice of such decision." See 42 U.S.C. § 405(g). Section 405(h) bars all other claims brought

4

under the Social Security Act, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act.  See id.; Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (noting that § 405(h) bars federal question jurisdiction "where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"); Kaiser, 347 F.3d at 1111-12 (finding Section 405(h) bars claim for damages based on denial of benefits).  Plaintiff has failed to demonstrate that he has complied with the requirements of Section 405(g), including the time limit for filing an action "within sixty days after the mailing to him of notice of such decision" after a hearing.  See 42 U.S.C. § 405(g).  Plaintiff does not include any information regarding whether he has complied with the requirement of Section 405(g) in his Second Amended Complaint.

　　　　Finally, the Court recommends that the district court dismiss Plaintiff's Second Amended Complaint with prejudice. Plaintiff has been given multiple opportunities to state a claim and amend his complaint to comply with the requirements of Rule

8. The Court finds that further amendment would be futile. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Accordingly, the Court RECOMMENDS that the Second Amended Complaint be DISMISSED WITH PREJUDICE.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Second Amended Complaint WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 18, 2018.

_____
Richard L. Puglisi
United States Magistrate Judge

**JOHNSON V. UNITED STATES GOVERNMENT, ET AL.; CIVIL NO. 18-00015 ACK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT WITH PREJUDICE**